IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY B. REED,**

    **Plaintiff,**

          **Case No. 2:22-cv-2929**
          **Judge Edmund A. Sargus, Jr.**
  vs.        **Magistrate Judge Elizabeth P. Deavers**

**JUDGE ANDREW JOSEPH,** *et al.*,

    **Defendants.**

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's failure to comply with the Order and Notice of Deficiency dated July 28, 2022. (ECF No. 2.) For the following reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff Larry B. Reed, proceeding *pro se*, initiated this lawsuit on July 25, 2022. (ECF No. 1.) On July 28, 2022, the Court directed Plaintiff to pay the applicable filing fee ($402.00 for a civil Complaint or $5.00 for a Petition for Writ of Habeas Corpus) or to file an application for leave to proceed *in forma pauperis* within thirty (30) days. (ECF No. 2.) The Court cautioned that "[i]f Plaintiff does not comply with this Order, the Court may dismiss the case for want of prosecution." (*Id.*)

To date, Plaintiff has not paid the applicable filing fee or submitted an application for leave to proceed *in forma pauperis*.

## II.

Under the circumstances of this case, the Undersigned recommends dismissal of Plaintiff's entire action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. See Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir. 1999).

## III.

Here, the record demonstrates failure to comply with a Court order. Plaintiff was specifically **ORDERED** to submit the applicable filing fee or to seek leave to proceed *in forma pauperis* within thirty (30) days. (ECF No. 2.) Further, the Order provided adequate notice of this Court's intention to recommend dismissal for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply. See *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Plaintiff has failed to comply. While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadline. See *Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d

108, 110 (6th Cir. 1991)). The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety **WITHOUT PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat=l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: September 6, 2022**              /s/ *Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**